UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6  O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2741 CAS (FMOx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | PARK GENERAL, INC.; ET AL. v. MOUSSA NAMVAR; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**  (In Chambers:) PLAINTIFFS PARK GENERAL INC. AND NASSER ZAGHI'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (filed 5/22/09)

(In Chambers:) PLAINTIFFS PARK GENERAL INC. AND NASSER ZAGHI'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (filed 5/22/09)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of June 22, 2009, is hereby vacated, and these matters are hereby taken under submission.

## I.    INTRODUCTION

On March 16, 2009, plaintiffs Park General, Inc. and Nasser Zaghi filed the instant suit in Los Angeles County Superior Court. On March 17, 2009, plaintiffs filed a first amended complaint ("FAC") against defendants Moussa Namvar; Sean Namvar; Ilana Namvar; John Harouni; Trifish LLC ("Trifish"); Namco Insurance Services, Inc. ("Namco Insurance Services"); Pentaco Management, Inc. ("Pentaco"); Hooshang Namvar; Homayoun Namvar; Ramin Namvar; Hamid Tabatabae; Security Pacific Bank, Inc.; Namco 8 LLC; Namvar Family Trust; Ezri and Ilana Charitable Trust; Ezri Namvar, trustee of Ezri and Ilana Charitable Trust; Namco Financial Exchange Corporation; Laurel 18, LLC; Eskandar Hakakian; Artech; Pacific Premier Bancorp Inc.; Daniel Issak; and Does 1 through 300, alleging claims for (1) fraudulent conveyance pursuant to Cal. Civ. Code §§ 3493.04 *et seq.*; (2) fraud; (3) violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 19 U.S.C. §§ 1961 *et seq.*; (4) civil conspiracy; (5) intentional misrepresentation; (6) promissory fraud; (7) intentional interference with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6     O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2741 CAS (FMOx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | PARK GENERAL, INC.; ET AL. v. MOUSSA NAMVAR; ET AL. | | |

another's performance of his own contract; (8) imposition of constructive trust; (9) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200 *et seq.*; (10) concealment; (11) breach of covenant of good faith and fair dealing; (12) intentional interference with prospective business relations; (13) interference with contractual relations; and (14) negligent misrepresentations. On April 20, 2009, defendants Sean Namvar, Trifish, Pentaco, and Homayoun ("Tony") Namvar timely removed this action to this Court on the basis of federal question jurisdiction.

On May 5, 2009, defendants Sean Namvar, Trifish, Pentaco, and Homayoun Namvar filed a motion to dismiss the FAC.[1] Also on May 5, 2009, defendants Moussa Namvar and Namco Insurance Services filed a motion to dismiss and notice of joinder in the motion of Sean Namvar, Trifish, Pentaco, and Tony Namvar.

On May 22, 2009, plaintiffs filed the instant motions to file a second amended complaint ("SAC") and to remand this case to Los Angeles County Superior Court. On June 8, 2009, defendants Sean Namvar, Trifish, Pentaco, and Homayoun Namvar filed their opposition.[2] After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

### A. Leave to Amend

Generally, amendment of pleadings is governed by Fed. R. Civ. P. 15. Fed. R. Civ. P. 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).

---

[1] Sean Namvar was erroneously named twice in the complaint as both Sean Namvar and Hooshang Namvar.

[2] This opposition was joined by defendants Mousa Namvar and Namco Insurance Services on June 8, 2009, and by defendant Pacific Premier Bancorp Inc. on June 9, 2009.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2741 CAS (FMOx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | PARK GENERAL, INC.; ET AL. v. MOUSSA NAMVAR; ET AL. | | |

  Where leave to amend is required, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982), vacated on other grounds, 459 U.S. 810 (1982). Four factors are relevant to the determination of a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of the amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). "Some courts have stressed prejudice to the opposing party as the key factor." Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991). However, "[u]ndue delay is a valid reason for denying leave to amend.'" Id. (quoting Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1454 (9th Cir. 1990)); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. And "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan, 49 F.3d at 1370 (internal quotation marks and citation omitted). Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Id. (internal quotation marks and citation omitted).

  **B.**  **Remand**

  A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

  Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2741 CAS (FMOx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | PARK GENERAL, INC.; ET AL. v. MOUSSA NAMVAR; ET AL. | | |

days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pacific Railway v. Martin , 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the court may remand the action based on the plaintiff's timely motion. McAnally Enterprises, Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

### III. DISCUSSION

#### A. Leave to Amend

Plaintiffs request that the Court grant them leave to file a SAC so that they can dismiss their only federal claim for violation of RICO and allege more specifically their claims that sound in fraud. Id. Plaintiffs further argue that defendants will not be prejudiced because discovery has not begun and there are no deadlines approaching. Id. Moreover, plaintiffs argue that they have filed this motion in good faith. Id. Plaintiffs contend that they are entitled to choose a state forum over their federal law claim. Id. (citing Baddie v. Berkeley Farms Inc., 64 F.3d 487, 491 (9th Cir. 1995)).

Defendants respond that plaintiffs' motion was brought in bad faith because (1) plaintiffs waited until after defendants incurred the expense of preparing a motion to dismiss before filing their motion and (2) plaintiff's are attempting to engage in forum shopping. Opp'n at 8. Defendants further argue that the proposed SAC is futile because it is identical to the FAC, except that it omits plaintiff's RICO claim. Id.

The Court concludes that plaintiffs should be granted leave to file a SAC. Plaintiffs have demonstrated that their motion was not brought in bad faith and will not result in undue delay. Kaplan, 49 F.3d at 1370. Furthermore, defendants will not suffer prejudice given that discovery has not begun and there are no deadlines approaching.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2741 CAS (FMOx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | PARK GENERAL, INC.; ET AL. v. MOUSSA NAMVAR; ET AL. | | |

Texaco, 939 F.2d at 798. Plaintiffs are entitled to forego their federal claim to avail themselves of a state forum. Baddie, 64 F.3d at 491 ("If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum.").

### B. Remand

Plaintiffs further request that the Court remand their case to Los Angeles County Superior Court. Mot. at 7. Plaintiffs argue that if their motion for remand is not granted, they will be "deprived of their chosen State forum, of the right to have California state courts decide the issues of California law that govern their claims and the use of California Code of Civil Procedure Section 998 as a settlement tool." Id. at 6. Plaintiffs further argue that the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims because the state law claims "substantially predominate" this action. Id. (citing 28 U.S.C. § 1367(c)).

Defendants respond that plaintiffs did not meet and confer with defense counsel concerning this motion, in violation of L.R. 7-3. Opp'n at 4. Defendants acknowledge that plaintiffs' counsel spoke with defense counsel via telephone on April 29, 2009, but argue that their discussion was limited to defendants' motion to dismiss. Id. Defendant further argues that the proposed amendment is futile and that plaintiffs are attempting to engage in forum shopping. Id. at 5.

The Court concludes that plaintiff's motion for remand should be granted. Normally "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, 159 F.3d 1209, 1213 (9th Cir. 1998). However, the Court concludes that remanding this case "best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). Of plaintiffs' fourteen claims, only their third claim for violation of RICO arises under federal law. Furthermore, given that the Court has granted plaintiffs' request for leave to amend their complaint to remove their RICO claim, there are no federal claims remaining. Cohill, 484 U.S. at 357 ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6   O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2741 CAS (FMOx) | Date | June 16, 2009 |
|---|---|---|---|
| Title | PARK GENERAL, INC.; ET AL. v. MOUSSA NAMVAR; ET AL. | | |

claims remain, the federal court should decline the exercise of jurisdiction. . .").

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS plaintiffs' motion for leave to file a SAC. The Court further GRANTS plaintiff's motion for remand.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |